UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN RAINS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN C. PHALEN, Secretary of the Navy,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:25-cv-00717-CAB-MMP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 4] |

On March 27, 2025, Plaintiff Helen Rains, a Navy employee, sued Defendant John C. Phalen, Secretary of the Navy, alleging multiple Title VII violations by her supervisor Daniel Conley and other Navy employees. Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons explained below, the Court **GRANTS** the motion to dismiss. [Doc. No. 4.]

I.　　BACKGROUND

Plaintiff is a Navy employee. She alleges that her former supervisor Daniel Conley ("Conley") continuously sexually abused and harassed her beginning in August 2019 and with the last alleged incident in March 2023. [Compl. ¶¶ 9–24.] Plaintiff further alleges that Conley and Daniel Gutierrez ("Gutierrez"), another employee, harassed and mocked her for her accent and English skills. Plaintiff states that she filed an informal Equal

Employment Opportunity ("EEO") complaint on September 26, 2023 and then a formal EEO complaint on January 17, 2024. Plaintiff asserts that Conley defamed her in retaliation by spreading lies to other employees that the two were having an affair. Plaintiff also asserts that in September 2023 Defendant conducted its own investigation into Conley's treatment of Plaintiff and concluded she had been subject to unlawful treatment. Plaintiff sues pursuant to five Title VII causes of action: sexual harassment, sex discrimination, harassment and discrimination on the basis of race/national origin/ancestry, and retaliation.

## II.   REQUEST FOR JUDICIAL NOTICE

As a preliminary matter, Plaintiff seeks the Court to take judicial notice of Exhibit A attached to D.N. Brady's Declaration, which is the "Notice of Acceptance of Discrimination Complaint of Helen L. Rains v. the Honorable Carlos Del Toro," and is an excerpt from Defendant's Report of Investigation of Plaintiff's EEO claims. [Doc. No. 5-1 at 1–7.] Defendant seeks judicial notice of Exhibits 1 and 2 attached to the Declaration of Mary Cile Glover-Rogers, with the former being Plaintiff's complaint filed on January 17, 2024, and the latter the EEO counselor's report. [Doc. No. 4-2.] Defendant objects to judicial notice of Plaintiff's Exhibit A attached to D.N. Brady's Declaration as "self-serving allegations of harm." [Doc. No. 6-1 at 3, n.2.] Plaintiff does not object to Defendant's exhibits.

The Court may take judicial notice of facts that "are not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes "matters of public record" such as administrative EEO records. *Allen v. Donovan*, No. 8:20-CV-01756-JLS-ADS, 2021 WL 5867137, at *3 (C.D. Cal. June 28, 2021). The Court rejects Defendant's challenge and finds all three exhibits appropriate for judicial notice as they are administrative EEO records and thus constitute matters of public record. *See id.*

### III. LEGAL STANDARD

#### a. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss based on the court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The federal court is one of limited jurisdiction. *See Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). Plaintiff has the burden of establishing that the court has subject matter jurisdiction. *Ass'n. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000). As such, the court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). A defense of lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The Court can adjudicate subject matter jurisdiction sua sponte. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A facial attack to the Court's jurisdiction pursuant to Rule 12(b)(1) tracks "a motion to dismiss under Rule 12(b)(6)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Thus, in "determin[ing] whether the [plaintiff's] allegations are sufficient as a legal matter to invoke the [C]ourt's jurisdiction," the Court "[a]ccept[s] the plaintiff's allegations as true and draw[s] all reasonable inferences in the plaintiff's favor . . . ." *Id.*

#### b. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court accepts as true all allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, the Court need not accept as true "legal conclusions" contained in the complaint, *Iqbal*, 556 U.S. at 678, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## IV. DISCUSSION

Defendant argues that Plaintiff's harassment and discrimination claims are time barred because Plaintiff did not, as required, contact an EEO counselor within 45 days of the alleged acts. Even if timely though, Defendant contests that the discrimination and retaliation claims fail because Plaintiff fails to plead that she suffered an adverse employment action, and that the harassment claim fails because Plaintiff does not plead an abusive work environment.

### a. Harassment & Discrimination Claims

"To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002). "Title VII requires federal employees to notify an EEO counselor of discriminatory conduct within 45 days of the alleged conduct." *Lui v. DeJoy*, 129 F.4th 770, 781 (9th Cir. 2025). Defendant argues that because Plaintiff first notified an EEO counselor with her complaint on September 26, 2023, her claims before August 12, 2023 (45 days prior), which include the sexual harassment claims, are

time-barred. Plaintiff argues that Defendant waived the ability to challenge the timeliness of Plaintiff's claims because "Defendant never deemed any of Plaintiff's EEO claims to be outside of the 45-day time limitation, but, instead proceeded to process her claims as fully timely." [Doc. No. 5 at 9.] She also asserts that her claims are timely through estoppel and as a continuing violation.

### 1. Waiver

Plaintiff argues that "[i]f Defendant believed that some of Plaintiff's complaints should be dismissed for untimeliness, then Defendant had an obligation pursuant to 29 CFR § 1614.107(b) to tell Plaintiff that denial in [the Notice of Acceptance of the Complaint.]" [Doc. No. 5 at 9.] By not doing so, Plaintiff alleges, Defendants waived its challenge to timeliness. [*Id.*]

The Ninth Circuit has held that the "mere receipt and investigation of a complaint does not waive objection to a complainant's failure to comply with the original filing time limit when the later investigation does not result in an administrative finding of discrimination." *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985) (holding that the Post Office did not waive right to contest timeliness because it accepted a complaint and began investigation). However, when the government agency specifically states that it reviewed the complaint for timeliness and still accepts it for investigation, courts have found this can serve as a waiver to challenging timeliness. *See, e.g.*, *Allen*, 2021 WL 5867137, at *6 ("[B]ecause the Agency already determined, in a judicially noticed record that is before the Court, that the claims presented in [the] Formal Complaint complied with the 15-day and 45-day requirements, dismissal of [plaintiff's] claims on this basis is unwarranted.").

Here, Plaintiff's Notice of Acceptance shows that Defendant accepted Plaintiff's claims for investigation on February 12, 2024. [Doc. No. 5-1 at 4.] However, this is insufficient to waive a timeliness objection. Indeed, the agency must have specifically "represented to Plaintiff that her claims had been reviewed for timeliness and accepted for investigation." *Brodus v. Mar. Inn & Air Force Servs. Agency*, No. LA-CV-21-03112-

JAK-JPRX, 2022 WL 2286476, at *7 (C.D. Cal. May 2, 2022); *see Allen*, 2021 WL 5867137, at *5 (finding waiver where agency "stated it had reviewed [plaintiff]'s Formal Complaint pursuant to 29 C.F.R. §1614.107 . . . and found it appropriate for acceptance and investigation"). Plaintiff does not argue in her complaint nor opposition that any notice from Defendant states that either her informal September 2023 complaint or formal January 2024 complaint were reviewed specifically for timeliness pursuant to Section 1614.107.[1] Rather, she contests that Defendant was required to dismiss any untimely complaints *before* investigation, and that the failure to do so constitutes a waiver to challenging timeliness. However, she cites no case law to support this assertion. Accordingly, the Court finds that Defendant did not forfeit their challenge to the timeliness of Plaintiff's claims. *See Boyd*, 752 F.2d at 414.

### 2. Estoppel

Plaintiff next argues that her claims are timely under the doctrine of estoppel. Equitable estoppel "tolls the statute of limitations when there is 'active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'" *Puana v. Kealoha*, 587 F. Supp. 3d 1035, 1057 (D. Haw. 2022) (quoting *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006)). Plaintiff must allege the following elements: "(1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance." *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991).

---

[1] Plaintiff alleges that in September 2023, Defendant "was compelled to begin an investigation into how Conley treated [Plaintiff]" and concluded that Plaintiff "had been subject to unlawful treatment." [Compl. ¶ 27.] Plaintiff offers no other facts about this investigation in her complaint and does not reference it again in her opposition. It is unclear if this investigation by Defendant is related to the informal complaint Plaintiff allegedly made in September 2023. Nonetheless, Plaintiff alleges no facts regarding this investigation that would affect the Court's finding that Defendant did not waive a timeliness challenge to Plaintiff's claims.

Plaintiff contests that Defendant is "estopped from asserting an untimeliness defense" because (1) Defendant allegedly waived their opportunity to challenge timeliness and (2) Plaintiff has continued to pursue her claims while accruing attorney fees to her detriment. [Doc. No. 5 at 10.] Plaintiff does not allege any intent or actions by Defendant to induce her reliance nor does she allege her own ignorance of the true facts. Plaintiff does not cite any case law to support her positions. As discussed above, Defendant did not waive their opportunity to challenge timeliness by simply confirming their investigation of Plaintiff's claims. Nor did Defendant's confirmation of investigation constitute a wrongful action that prevented Plaintiff from timely asserting her claim. *See Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003) ("Equitable estoppel focuses on the defendant's wrongful actions preventing the plaintiff from asserting his claim."). Plaintiff fails to establish that her claims prior to August 12, 2023 are timely pursuant to equitable estoppel.

### 3. Continuing Violation; Hostile Work Environment

Plaintiff finally asserts that her claims are timely under the theory of a continuing violation of a hostile work environment claim. [Doc. No. 5 at 10.] "A hostile work environment claim is composed of a series of separate acts that collectively constitute one unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (quotation marks omitted). "[U]nder the continuing violations doctrine, discriminatory conduct contributing to a hostile work environment claim, but falling outside of the statutory time period for filing a claim, may be considered by the Court for purposes of determining liability." *Aoyagi v. Straub Clinic & Hosp., Inc.*, 140 F. Supp. 3d 1043, 1053 (D. Haw. 2015) (citing *Morgan*, 536 U.S. at 116–17). "It does not matter . . . that some of the component acts . . . fall outside the statutory time period" so long as *one* "act contributing to the claim occurs within the filing period[.]" *Morgan*, 536 U.S. at 117. In determining whether multiple acts/events "constitute one unlawful employment practice," the Ninth Circuit directs courts to "consider whether they were sufficiently severe or pervasive, and whether the earlier and later events amounted to the same type of employment actions, occurred relatively frequently, [or] were perpetrated by the same

managers." *Porter v. California Dep't of Corr.*, 419 F.3d 885, 893 (9th Cir. 2005) (internal quotation marks omitted) (alteration in original) (quoting *Morgan*, 536 U.S. at 116, 120).

Defendant argues that the alleged acts before the cutoff date of August 12, 2023 are too different from any of the timely alleged acts after that date to constitute "the same unlawful employment practice," *Morgan*, 536 U.S. at 122, and establish a hostile work environment claim. The Court agrees.

Plaintiff's allegations before August 12, 2023 consist of:

(1) Conley's various acts of sexual harassment from 2019 to March 2023;

(2) Conley and Gutierrez making discriminatory comments to Plaintiff and mocking her accent from March to July 2023, with the harassment intensifying after she threatened to file an EEO complaint;

(3) Conley and Gutierrez refusing to offer Plaintiff a reasonable accommodation after an injury in June 2023; and

(4) Conley and Gutierrez refusing to approve an English course for Plaintiff even though they recommended she take it to advance in her pay scale in July 2023. [Compl. ¶¶ 9–26, 29, 30–32; Doc. No. 5-1 at 4–6.]

Plaintiff's allegations after August 12, 2023, and within 45 days before the informal EEO complaint, consist of:

(1) Miguel Padilla ("Padilla") informing Plaintiff she would be assigned the duties of an equipment manager, which was allegedly effectively a demotion, on August 28, 2023;

(2) Ivana Rivers ("Rivers") identifying issues with a project that Plaintiff finished years prior on September 8, 2023;

(3) Padilla and Rivers reopening projects on September 11, 2023 that Plaintiff had already completed; and

(4) Rivers telling another worker that she would "elevate this," allegedly displaying mocking behavior towards Plaintiff on September 12, 2023. [Doc. No. 5-1 at 5.]

Plaintiff's claims that fall within the statutory period before she filed an EEO complaint concern none of the same people, type of acts, or level of severity as her untimely claims. Indeed, the former involve Padilla and Rivers primarily taking issue with Plaintiff's work while the latter involve Conley sexually harassing Plaintiff, and Gutierrez and Conley ridiculing Plaintiff based on her race/national origin and/or sex.

Plaintiff also asserts that she has pled a hostile work environment claim based on her allegation that Conley "recently" defamed her which in turn is based on two employees telling Plaintiff they heard rumors that she had an affair with Conley. [Doc. No. 5 at 10–11.] Plaintiff does not allege when this occurred (or if she ever reported it), but it appears likely that it was not within the 45 days before she filed her informal EEO complaint in September 2023 given that she places the allegation near the end of her facts section and after mentioning that she filed a formal EEO complaint on January 17, 2024. [Compl. at 6.] Nonetheless, the allegation of defamation by Conley does not constitute "the same unlawful employment practice" as the timely alleged work criticism from Padilla and Rivers given the difference in the responsible parties and the fundamental nature of the acts. *See Porter*, 419 F.3d at 892 (cautioning courts against "blur[ring]" the line between "discrete acts and a hostile environment"). Plaintiff cites no case law in her opposition to support finding a continuing violation here.

The Court finds Plaintiff's harassment and discrimination claims before August 12, 2023, and her "recent" retaliation claim (which no date is provided for), are untimely and do not constitute "the same unlawful employment practice" as her timely claims. As Plaintiff's only timely claims concern Padilla and Rivers taking issue with her work on various projects, which as alleged is not severe, pervasive, discriminatory, nor relates to any protected status, Plaintiff fails to sufficiently plead a hostile work environment claim. *See Robertson v. County of Alameda*, No. 15-CV-03416-JST, 2016 WL 3194333, at *4

(N.D. Cal. June 9, 2016) (finding that allegations of harassment or a hostile work environment without a connection to protected status are generally insufficient under Title VII). Additionally, these allegations against Padilla and Rivers are wholly insufficient on their own to establish a Title VII sexual harassment claim, sex discrimination claim, or harassment/discrimination claim on the basis of race, national origin, and/or ancestry. *See id.* Accordingly, the Court **DISMISSES** these claims pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, 12(b)(1).

### b. Retaliation Claim

Plaintiff also claims Conley retaliated against her three times in violation of Title VII. The first time was allegedly in March 2023 after she demanded Conley stop sexually harassing her. The second time was allegedly after she threatened to file an EEO complaint against Conley and Gutierez. Plaintiff provides no date for this second incident, but it was likely before August 12, 2023 given that it involves Gutierez, whom all allegations against are between March 2023 to July 2023. In the final instance, as noted earlier, Plaintiff alleges Conley "recently" spread rumors that they had an affair and that she later went crazy.

Defendant argues that Plaintiff's retaliation claim should be dismissed because she allegedly fails to plead an adverse employment action and thus fails to state a claim. [Doc. No. 4-1 at 17.] However, before determining whether Plaintiff satisfies all the elements of a prima facie retaliation claim, the Court first considers whether it has jurisdiction over Plaintiff's retaliation claim, i.e., if the claim was ever brought to an EEO counselor. *See Worthen v. James*, No. 2:15-CV-01747-ODW-JC, 2015 WL 5167468, at *3 (C.D. Cal. Sept. 3, 2015) ("the Court lacks jurisdiction over Title VII claims that the plaintiff has never brought to [an] EEO[] [officer]"). As to the first incident in March 2023, though it was eventually raised with an EEO counselor, it is untimely given that it was not raised within 45 days of the incident. *See Hollins v. Wilkie*, No. 19-CV-2201-DMS-JLB, 2021 WL 1906462, at *3 (S.D. Cal. May 12, 2021) (dismissing Title VII claims "that were not raised with an EEO counselor within 45 days of their occurrence"). As to the latter two

alleged retaliatory incidents, Plaintiff does not allege when exactly she reported them to an EEO counselor, or if she ever did. Indeed, the only acts she timely raised with an EEO counselor are those concerning Padilla and Rivers. As Plaintiff does not allege that she timely raised any retaliatory incidents with an EEO counselor, the Court **DISMISSES** her Title VII retaliation claims for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b)(1). *See Gardner v. Braithwaite*, 607 F. Supp. 3d 1106, 1122 (S.D. Cal. 2022) (dismissing Title VII retaliation claim for failure "to timely exhaust [] administrative remedies").

## V. CONCLUSION

Plaintiff's Title VII claims for sexual harassment, sex discrimination, and harassment/discrimination on the basis of race, national origin, or ancestry, are **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, 12(b)(1). Plaintiff's Title VII retaliation claim is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 12(b)(1). Should Plaintiff seek to file an amended complaint, they must do so by **September 30, 2025**.

It is **SO ORDERED**.

Dated: September 9, 2025

Hon. Cathy Ann Bencivengo
United States District Judge