UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN RAINS,<br><br>                                    Plaintiff,<br><br>v.<br><br>HUNG CAO, ACTING SECRETARY OF THE NAVY,[1]<br><br>                                    Defendant. | Case No.: 3:25-cv-717-CAB-MMP<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS**<br><br>**[Doc. No. 17]** |

Plaintiff Helen Rains, a Navy employee, brings suit against the Secretary of the Navy for multiple Title VII violations, including sexual and racial discrimination, allegedly committed by her former supervisor Daniel Conley ("Conley") and other Navy employees. Before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)[2] and 12(b)(6).  For the reasons explained below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the motion to dismiss.  [Doc. No. 17.]

---

[1] Hung Cao assumed responsibility as Acting Secretary of the Navy on April 22, 2026.  Pursuant to Federal Rules of Civil Procedure 25(d), Hung Cao is substituted automatically for Defendant Terance Emmert.

[2] Defendant moves under Fed. R. Civ. P. 12(b)(1) but makes no actual argument that the Court lacks subject matter jurisdiction and the Court has no such concerns.  Moreover, even viewing exhaustion as a jurisdictional requirement, a facial attack to the Court's jurisdiction pursuant to Rule 12(b)(1) tracks "a

1

## I.      BACKGROUND

Before the Court is Plaintiff's amended complaint.  Plaintiff's amended complaint is nearly identical to her initial complaint, thus the Court will not restate the facts in their entirety.  Though Plaintiff did not comply with Local Rule 15.1(c)'s requirement to show how her amended complaint changed, Defendant's motion to dismiss highlights the added allegations and Plaintiff does not dispute Defendant's characterization of those changes. [*See* Doc. No. 17-1 at 9–10.]

The Court dismissed Plaintiff's initial complaint because, *inter alia*, she failed to timely exhaust administrative remedies.  *See Rains v. Phalen*, No. 3:25-CV-00717-CAB-MMP, 2025 WL 2606623, at *2–5 (S.D. Cal. Sept. 9, 2025).  Plaintiff was required to notify an Equal Employment Opportunity ("EEO") counselor within 45 days of any alleged unlawful discrimination and harassment.  Plaintiff first notified an EEO counselor of her complaints on September 26, 2023, thus her claims had to have occurred on August 12, 2023 or later. *Id.* at *2.  However, Plaintiff's claims against Conley, which included all of her sexual discrimination and harassment claims, were initially alleged to have occurred exclusively before August 12, 2023. *Id.* at *4.  The Court also rejected Plaintiff's argument that her claims were nonetheless timely under a continuing violations theory, finding that any timely alleged acts were too different from the untimely alleged acts.

To remedy her defective complaint, Plaintiff now alleges that Conley sexually discriminated against and harassed her until September 2023 and that he did so "on a regular basis, and . . . within 45 days of when Plaintiff initiated her informal EEO complaint[.]" [Doc. No. 8 at 5.]

Defendant argues the amended complaint remains deficient for substantially the same reasons identified in the Court's prior dismissal order.  [*See generally* Doc. No. 17-

motion to dismiss under Rule 12(b)(6)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  Thus, in "determin[ing] whether the [plaintiff's] allegations are sufficient as a legal matter to invoke the [C]ourt's jurisdiction," the Court "[a]ccept[s] the plaintiff's allegations as true and draw[s] all reasonable inferences in the plaintiff's favor. . . ." *Id.*

3:25-cv-717-CAB-MMP

1.] Specifically, Defendant contends Plaintiff's discrimination and harassment claims remain time-barred despite the new allegations, and further argues that Plaintiff's discrimination, harassment, and retaliation claims fail as a matter of law. [*Id.*] Finally, the parties dispute whether Plaintiff's newly added allegations are contradicted by documentation subject to judicial notice and thus should be rejected. [*See id.* at 15–16; *see also* Doc. No. 20 at 11–12.]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court accepts as true all allegations in the complaint and construes the allegations in the light most favorable to the nonmoving party. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, the Court need not accept as true "legal conclusions" contained in the complaint, *Iqbal*, 556 U.S. at 678, or other "allegations that

are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## III. DISCUSSION

The Court begins with the parties' dispute over judicial notice and the extent to which the Court may rely on the administrative record at this stage and then addresses Defendant's administrative exhaustion and 12(b)(6) challenges.

### A. Judicial Notice

When ruling on a motion to dismiss under Rule 12(b)(6), the court may consider "matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Both parties seek judicial notice of administrative records from Plaintiff's underlying EEO proceedings. Defendant requests judicial notice of a "Second Amendment and Correction to Notice of Acceptance of Discrimination Complaint" dated August 16, 2024, which is an excerpt from the Navy's 2024 Report of Investigation ("Report"). [Doc. No. 17-2; Doc. No. 17-3 at Ex. 3.] Plaintiff requests judicial notice of additional excerpts from the same Report, including the investigation cover page and portions of the investigative summary describing the findings of the Navy's investigation into Defendant Conley's conduct. [Doc. No. 20-2; Doc. No. 21.]

Consistent with its prior order, the Court takes judicial notice of the existence and authenticity of these administrative EEO records as matters of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *Allen v. Donovan*, No. 8:20-CV-01756-JLS-ADS, 2021 WL 5867137, at *3 (C.D. Cal. June 28, 2021).

### B. Claim 1: Sexual Harassment in Violation of Title VII

The Court next considers whether the amended complaint cures the administrative exhaustion deficiencies that led the Court to dismiss Plaintiff's initial complaint. Federal employees must "notify an EEO counselor of discriminatory conduct within 45 days of the alleged conduct." *Lui v. DeJoy*, 129 F.4th 770, 781 (9th Cir. 2025). Failure to do so is generally fatal to a Title VII claim. *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002).

3:25-cv-717-CAB-MMP

Plaintiff notified an EEO counselor of Conley's alleged sexual harassment on September 26, 2023, thus the operative cutoff date remains August 12, 2023. [Doc. No. 8 at 6.] The amended complaint now alleges that from March 2023 until September 2023—when Conley was removed from supervising Plaintiff—Conley subjected Plaintiff to sexual harassment on "a regular basis," including "groping [her] breasts, grabbing her buttocks, and fondling her vaginal area," and that he did so "within 45 days of when Plaintiff initiated her informal EEO complaint." [Doc. No. 8 at 5.]

Defendant argues that Plaintiff's sexual harassment claim is time barred because her main supplemental allegation—that Conley sexually harassed her within 45 days of her notifying an EEO counselor—"contradicts matters properly subject to judicial notice." [Doc. No. 17-1 at 15.] The matters that Defendant refers to are the allegations in Plaintiff's formal EEO complaint, which are reflected in the Report.[3] Defendant correctly flags that the Report and the EEO complaint reference no harassment by Conley on or after August 12, 2023. However, just because those documents do not mention other incidents of harassment does not necessarily mean other incidents did not occur.

More importantly, while the Court "may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment[,] . . . a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) (internal citation omitted). There is a reasonable dispute regarding whether Conley harassed Plaintiff on or after August 12, 2023 given that the Navy's investigative summary, which the Court took judicial notice of above, states that "a fact-finding investigation into [Plaintiff's] allegation of sexual harassment . . . concluded that Mr. Conley and [Plaintiff] engaged in explicit

---

[3] The Court notes that Defendant has not attached Plaintiff's formal EEO complaint as an exhibit to the instant motion to dismiss. Indeed, they cite to their initial motion to dismiss where the EEO complaint was attached as an exhibit. Nonetheless, the Court finds no issue given that (1) it already judicially noticed the EEO complaint in its order on the initial motion to dismiss, and (2) the excerpt from the Report, which *is* attached as an exhibit to the instant motion and judicially noticed, captures the same information and allegations made by Plaintiff to the EEO official.

3:25-cv-717-CAB-MMP

dialogue from July 2019 *through August 2023*." [Doc. No. 21 at 6 (emphasis added).] Although the summary does not specify whether that conduct occurred after the cut-off date of August 12, 2023, drawing all reasonable inferences in Plaintiff's favor, it is plausible that it did, and plausibility is what is required at the motion-to-dismiss stage. *See Iqbal*, 556 U.S. at 678; *see also Lee*, 250 F.3d at 690 (finding district court erred in taking judicial notice of disputed matters of fact and not drawing all reasonable inferences in plaintiff's favor).

Defendant also argues that all allegations before August 12, 2023 are time-barred. [Doc. No. 17-1 at 17.] Plaintiff counters that her sexual harassment allegations from before that date are timely through a hostile work environment claim. [Doc. No. 20 at 15.]

"[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). However, if those time-barred acts are part of repeated conduct, and if one related act was timely raised with an EEO counselor, then they can collectively constitute a hostile work environment claim[4], which is a form of harassment. *See id.* at 115, 117 (holding that it "does not matter . . . that some of the component acts . . . fall outside the statutory time period" so long as one "act contributing to the claim occurs within the filing period"). Plaintiff argues that Conley's sexual harassment of her created a hostile work environment. [Doc. No. 20 at 15.]

To state a hostile work environment claim based on sexual harassment, Plaintiff must allege: "(1) that [s]he was subjected to verbal or physical conduct of a . . . sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an

---

[4] "Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct. The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Morgan*, 536 U.S. at 115.

3:25-cv-717-CAB-MMP

abusive work environment." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003).   Moreover, the Ninth Circuit considers "whether the earlier and later events amounted to the same type of employment actions, occurred relatively frequently, or were perpetrated by the same managers." *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 893 (9th Cir. 2005) (quoting *Morgan*, 536 U.S. at 120) (cleaned up).

Plaintiff sufficiently pleads sexual harassment based on a hostile work environment. As aforementioned, Plaintiff alleges that Conley sexually harassed her by groping and fondling her in September 2023, and that she notified an EEO counselor on September 26, 2023; thus at least one act falls within the statutory time period.  Plaintiff's pre-August 12, 2023 sexual harassment allegations include Conley forcing Plaintiff to perform certain sexual acts, sending her unsolicited sexual pictures, masturbating in her presence, and more.

These allegations involve the same perpetrator[5] (Conley) engaged in the same type of unwanted, abusive conduct (groping, sexual assault, sexual propositioning, etc.), with substantial frequency, both before and after August 12, 2023.  These allegations describe the kind of continuous, abusive conduct that *Morgan*, 536 U.S. at 115–17, and *Vasquez*, 349 F.3d at 642, contemplate.

The Court is mindful of the *Porter* court's admonition to not "blur to the point of oblivion the dichotomy between discrete acts and a hostile environment."  419 F.3d at 892. But Plaintiff's allegations do not attempt to improperly revive discrete acts of sexual harassment that occurred outside the 45-day window; instead, they allege a continuous pattern of harassment by a single supervisor with one of the constituent acts timely raised with an EEO counselor.

---

[5] Plaintiff also complains of other employees' actions, however, the allegations against Conley are sufficient to survive dismissal. [*See, e.g.*, Doc. No. 8 at 6; Doc. No. 21 at 5.]  Thus, the Court does not analyze every allegation against every employee.

Accordingly, the Court finds that Plaintiff sufficiently pleads sexual harassment in violation of Title VII and thus **DENIES** Defendant's motion to dismiss Plaintiff's sexual harassment claim.

### C.    Claim 2: Sexual Discrimination in Violation of Title VII

Defendant argues that Plaintiff's sexual discrimination claim fails because she has not pled that she suffered an adverse employment action. Plaintiff counters that if the Court finds Plaintiff sufficiently pleads a sexual harassment claim based on a hostile work environment, it should also find she sufficiently pleads a sexual discrimination claim.

A Title VII discrimination claim requires a plaintiff to prove, *inter alia*, that she suffered an adverse employment action. *See Gonzales v. Marriott Int'l, Inc.*, 142 F. Supp. 3d 961, 976 (C.D. Cal. 2015) (citing *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006)). "An adverse employment action is one that materially affects the compensation, terms, conditions, or privileges of employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (cleaned up). "By tolerating sexual harassment against its employees, the employer[6] is deemed to have adversely changed the terms of their employment in violation of Title VII." *Swenson v. Potter*, 271 F.3d 1184, 1191 (9th Cir. 2001); *see also Ray v. Henderson*, 217 F.3d 1234, 1244–45 (9th Cir. 2000) (in context of retaliation claims, creation of a hostile work environment qualifies as an adverse employment action).

The Court has already found that Plaintiff sufficiently pled a hostile work environment based on sexual harassment. The Ninth Circuit has held that "[s]exual harassment is a form of sex discrimination prohibited by Title VII." *Heyne v. Caruso*, 69 F.3d 1475, 1478 (9th Cir. 1995); *see also Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 525–26 (9th Cir. 1994) ("Courts have interpreted 'unlawful employment practices' to

---

[6] Because Defendant has not argued otherwise, the Court assumes without deciding that as Plaintiff's supervisor, Defendant may be vicariously liable for Conley's alleged actions. *See* 42 U.S.C. § 2000e(b); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 70 (1986) ("[T]he courts have consistently held employers liable for the discriminatory discharges of employees by supervisory personnel[.]").

3:25-cv-717-CAB-MMP

include a panoply of actions involving discrimination and sexual harassment."). Moreover, the Ninth Circuit construes "adverse employment action broadly." *Ray*, 217 F.3d at 1240. Accordingly, the Court finds Plaintiff has sufficiently pled a sexual discrimination claim.

### D.    Claims 3 and 4: Race and National Origin-Based Discrimination and Harassment in Violation of Title VII

Defendant argues Plaintiff's claims for discrimination and harassment based on race and national origin are time barred. The Court agrees.

Plaintiff does not allege that any race or national origin-based discrimination and/or harassment occurred within 45 days before she notified an EEO counselor of Conley's misconduct. For example, Plaintiff alleges that Conley sent "numerous texts" which "emphasized his discriminatory, and deviant viewpoint of Brazilian and/or Latina women" but does not specify when this occurred. [Doc. No. 8 at 5.] Moreover, Plaintiff does not address Defendant's argument that these race and national origin-based claims are time barred. While Plaintiff argues that her sexual harassment claims are timely, she fails to do so for her race and national origin-based claims. [*See generally* Doc. No. 20 at 13–18.] "Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate." *Shull v. Ocwen Loan Servicing, LLC*, No. 13-CV-2999-BEN-WVG, 2014 WL 1404877, at *2 (S.D. Cal. Apr. 10, 2014) (collecting cases).

Accordingly, the Court finds Plaintiff's claims for discrimination and harassment based on race and national origin to be untimely and **GRANTS** the motion to dismiss as to those claims **WITHOUT LEAVE TO AMEND**.[7]

///

---

[7] Plaintiff requests leave to amend her complaint for a second time for any claims that the Court dismisses. [Doc. No. 20 at 21.] However, Plaintiff was aware of Defendant's timeliness argument regarding her race and national origin-based claims and failed to address it in her opposition. *See Lee v. Retail Store Emp. Bldg. Corp.*, No. 15-CV-04768-LHK, 2017 WL 346021, at *20 (N.D. Cal. Jan. 24, 2017) ("The Court denies leave to amend because Plaintiffs' failure to even argue the issue in their opposition indicates a waiver of this claim.").

3:25-cv-717-CAB-MMP

### E.    Claim 5: Retaliation in Violation of Title VII

The Court previously dismissed Plaintiff's retaliation claim for failure to exhaust administrative remedies, i.e. timely raise the retaliatory incidents with an EEO counselor. *See Rains*, 2025 WL 2606623, at *5.  Plaintiff has not added any allegations to the complaint that remedy the previously identified defects.  To be sure, Plaintiff does allege in her opposition that she told an EEO counselor about Conley allegedly yelling and cursing at her after she threatened to file an EEO complaint. [Doc. No. 20 at 20.]  However, she provides no date for this incident.  See *Hollins v. Wilkie*, No. 19-CV-2201-DMS-JLB, 2021 WL 1906462, at *3 (S.D. Cal. May 12, 2021) (dismissing Title VII claims "that were not raised with an EEO counselor within 45 days of their occurrence").  Plaintiff again fails to allege that she *timely* raised any retaliatory incident with an EEO counselor.  *See Gardner v. Braithwaite*, 607 F. Supp. 3d 1106, 1122 (S.D. Cal. 2022) (dismissing Title VII retaliation claim for failure "to timely exhaust [] administrative remedies"); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002) ("[A] Title VII plaintiff raising claims of discrete . . . retaliatory acts must file [her] charge within the appropriate time period[.]").

Plaintiff also broadly argues that the 45-day reporting requirement should be extended because she had a "reasonable fear of getting bad performance reviews from Conley, unwarranted discipline, nitpicking of her performance, career harm and other harm."  [Doc. No. 8 5–6; Doc. No. 20 at 16–17.]  She cites to 29 C.F.R. § 1614.105 (a)(2) which extends the 45-day limit where the individual was either (1) not notified of the time limit and was not otherwise aware of it, (2) did not know that the discriminatory matter or personnel action occurred, (3) was prevented by circumstances beyond her control, or (4) for other reasons considered sufficient by the relevant agency or the Equal Employment Opportunity Commission.  The only relevant basis here is the third prong, which asks whether Plaintiff was prevented by circumstances beyond her control from contacting an EEO counselor.  The Court finds that Plaintiff's fear of career harm, nitpicking, poor performance reviews, etc. was not a circumstance beyond her control which prevented her

from timely raising the alleged incidents with an EEO counselor.  Accordingly, the Court **DISMISSES** Plaintiff's retaliation claim **WITHOUT LEAVE TO AMEND**.[8]

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss as to Plaintiff's discrimination and harassment claims based on race and/or national origin and retaliation claim **WITHOUT LEAVE TO AMEND**.  The Court **DENIES** the motion to dismiss as to Plaintiff's claims for sexual discrimination and sexual harassment.

Defendant shall answer the surviving claims by **June 26, 2026**.

It is **SO ORDERED**.

Dated:  June 8, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[8] The Court denies leave to amend given that Plaintiff was already on notice of her retaliation claim's defect based on the Court's initial dismissal yet failed to remedy it in her amended complaint. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." (cleaned up)).

3:25-cv-717-CAB-MMP